[Civ. No. 4059. Third Appellate District.—May 7, 1930.]

A. T. ROARK, Respondent, v. SOUTHERN TRUST AND COMMERCE BANK et al., Defendants; DANIEL A. DEACON, Cross-Complainant and Appellant.

Glen H. Munkelt for Appellant.

A. T. Roark, *in pro. per.*, and Sloane & Sloane for Respondent.

FINCH, P. J.—In April, 1920, the plaintiff and the defendant Daniel A. Deacon purchased an apartment house, containing twelve apartments, in the city of San Diego. Title was taken in Deacon's name with the understanding and agreement that he would convey a one-half interest in the property to the plaintiff upon payment by the latter of a specified part of the purchase price of the property. At the time of the trial Deacon was the owner of a one-fourth interest in the property as tenant in common with his divorced wife, who owned a one-fourth interest, and the plaintiff, who owned a one-half interest, subject to an indebtedness of $6,500. The case was tried on issues raised by Deacon's cross-complaint and the plaintiff's answer thereto.

The prayer of the cross-complaint is for a judgment determining the rights if the parties in the property, adjudging that the plaintiff's rights therein are subject to an indebtedness of $6,500, partitioning the property and settling the accounts between the parties. By a supplemental cross-complaint Deacon alleged that "at all times since the first of May, 1926, cross-defendant A. T. Roark has been in sole possession" of eight of the apartments and "has held the same adversely to the said Daniel A. Deacon, and has refused possession of said apartments, or any of them, to the said Daniel A. Deacon, and has exercised sole and absolute control over each and all of said apartments; that the said A. T. Roark has forcibly prevented the said Daniel A. Deacon from entering into possession of said . . . apartments, or any of them; that said Daniel A. Deacon was entitled to possession thereof." Based on these allegations, Deacon demanded that the plaintiff "account for the rental

value of each and all of the apartments so held to the exclusion of the cross-complainant.''

An accounting was had and, based thereon, judgment was entered in favor of the plaintiff for $27.57. The judgment also requires the cross-complainant to execute a deed conveying the undivided one-half of the property to the plaintiff on payment by the latter of $6,500. The cross-complainant has appealed from the judgment.

Appellant contends that the court ''erred in refusing to receive evidence on the issues of partition'' and in adjudging that the plaintiff is entitled to a deed upon payment of the sum of $6,500, basing the latter contention on the ground that there was no such issue before the court. That issue, however, was tendered by the appellant's cross-complaint. In answer to the point first mentioned, it is sufficient to say that, prior to the trial, the appellant dismissed his cross-complaint ''in so far as he asks for a partition of the property.''

It is urged that the court erred in failing to find on the issues raised by the supplemental cross-complaint, in which appellant attempted to plead an ouster. Disregarding all objections urged by the respondent to the sufficiency of that pleading, it does not appear that the appellant has suffered any prejudice from the failure to find thereon. He has not called attention to any evidence warranting a finding of ouster. As stated by the trial judge, ''the evidence appears to show that up to a certain time Mr. Roark was, by an agreement to which the cross-complainant, Daniel A. Deacon, at least, was a party, entrusted with managing and renting the entire building. It appears to show that subsequently Mr. Deacon took the physical possession of four out of the twelve apartments and placed locks upon the same, and that Mr. Roark responded by placing locks on the other eight; that apparently neither act was done with the idea of denying the legal title of the parties thus locked out, nor of dispossessing him of his share of any rental actually collected for any of the apartments involved; but these acts of the parties were what has been described by counsel for the cross-defendant as 'a matter of scrambling possession for purposes of management and administration.' '' Notwithstanding the scramble for the management of the property, it appears that there was a degree of co-operation between them. The ap-

pellant's sister-in-law was employed by him as housekeeper of the apartments in his exclusive possession. He testified: "If the apartments were called for, people desired to look at them, she would attempt to show them the apartments. If she was blocked by a special keyhole, keys that Mr. Roark has been inserting to keep us out, then she asked Mrs. Roark for the key, and Mrs. Roark showed the apartment." Attention is not directed by the appellant to any evidence to the effect that the plaintiff's right to manage the property was ever canceled. Some of the appellant's testimony indicates that he attempted to cancel such right, but it does not appear that he had authority to cancel it. In fact, the trial appears to have been conducted on the theory of an accounting for rents received by the parties with little effort to prove an ouster. Under the circumstances, no finding on that question was required, and if one had been made it would necessarily have been in favor of the plaintiff. ■ It follows that the plaintiff was properly charged only with the rents collected by him rather than the rental value of the eight apartments in his possession. The court applied the same rule to the appellant and charged him only with the rents collected by him for the four apartments in his possession.

■ It appears that each party employed a housekeeper for a time, but that during the period covered by the accounting the plaintiff himself did all the work in connection with the eight apartments and the greater part of the general work about the premises. During the same period the appellant employed his sister-in-law to manage the four apartments and do part of the general work in connection with the hallways. The plaintiff made no claim for his services and was allowed nothing therefor in the accounting. The appellant claimed credit for the amount he had paid his housekeeper, but the court disallowed the claim. In addition to the natural injustice of the appellant's claim, under the circumstances, it does not appear from the evidence that he had authority to employ a housekeeper at the common expense or that he had rightfully taken the management of the property or the four apartments thereof away from the plaintiff.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.